UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEROME TALLEY,<br><br>  Plaintiff,<br><br>  vs.<br><br>JAMES DONATO,<br><br>  Defendant. | Case No: C 16-01973 SBA<br>        C 16-02069 SBA<br><br>**ORDER DISMISSING ACTIONS** |

On April 14, 2016, Plaintiff Jerome Talley ("Plaintiff") filed a pro se civil complaint (No. 16-cv-01973), along with an application to proceed in forma pauperis ("IFP"). On April 20, 2016, Plaintiff also filed a petition for writ of mandamus (No. 16-cv-02069), along with another application to proceed IFP. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiff's IFP applications and DISMISSES both actions without leave to amend.

**I.   BACKGROUND**

**A.   THE PRIOR ACTION BEFORE JUDGE DONATO**

On January 21, 2016, Plaintiff filed a complaint against Tracey Kasamoto ("Kasamoto") in her official capacity as a law clerk to Judge Susan Illston ("Judge Illston") of the United States District Court for the Northern District of California (the "District Court"), No. 16-cv-00337-JD (the "Kasamoto action"), along with an application to proceed IFP. Plaintiff sought monetary damages under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging that Kasamoto violated the U.S. Constitution when she refused to allow Plaintiff to file a motion in Judge Illston's chambers.

The Kasamoto action was assigned to Judge James Donato ("Judge Donato") of the District Court.  On April 5, 2016, Judge Donato dismissed the action pursuant to 28 U.S.C. § 1915(e)(2) on the ground that Kasamoto, as a law clerk to Judge Illston, enjoyed absolute immunity from suits arising out of the performance of functions necessary to the judicial process.

### B.   THE INSTANT ACTIONS BEFORE THIS COURT

On April 14, 2016, Plaintiff filed the instant civil action against Judge Donato in his official capacity as a judicial officer of the District Court.  Compl. at 3, Dkt. 1, No. 16-cv-01973.  Plaintiff alleges that Judge Donato "failed to exercise jurisdiction, power, [and] authority granted and conferred upon the district court to hear and determine the subject matter in Case No. 3:16-CV-003337-JD."  Id. at 4.  He seeks monetary damages in the sum of $1,000,000.  Id. at 25.

On April 20, 2016, Plaintiff also filed the instant petition for writ of mandamus to compel Judge Donato "to perform an '<u>act</u>' required by law to exercise jurisdiction under 28 U.S.C. sec. 1331 [over] the federal question raised by the complaint in Case No. 16-CV-00336-JD."  Pet. at 7-8, Dkt. 1, No. 16-cv-02069 (emphasis in original).  On April 22, 2016, this Court issued an order relating the two actions.

## II.   LEGAL STANDARD

A district court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor."  28 U.S.C. §1915(a)(1).  Despite use of the term "prisoner," section 1915(a) applies to all persons applying for IFP status.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007); <u>see also</u> <u>Floyd v. United States Postal Serv.</u>, 105 F.3d 274, 275 (6th Cir. 1997).

Notwithstanding the plaintiff's ability to pay a filing fee, the court "shall dismiss" an IFP action "at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Like section 1915(a), section 1915(e)(2) applies to all IFP litigants, and is "not limited to prisoners." Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001). Thus, in order to proceed IFP, a plaintiff must show not only his or her financial inability to pay any filing fee, but also the existence of a non-frivolous cause of action against a defendant subject to suit.

### III. DISCUSSION

#### A. INABILITY TO PAY

Under 28 U.S.C. § 1915(a)(1), the Court must first consider whether Plaintiff has demonstrated a financial inability to pay the requisite filing fees. Plaintiff has submitted affidavits averring that he has no assets and only receives a welfare payment of sixty-four dollars and some food stamps each month. Appl. to Proceed IFP, Dkt. 2 at 2, No. 16-cv-01973; Appl. to Proceed IFP, Dkt. 3 at 2, No 16-cv-02069. This is sufficient to show that Plaintiff is unable to pay a filing fee, which is $400. Accordingly, the Court finds that Plaintiff is eligible to proceed IFP.

#### B. MANDATORY DISMISSAL

Notwithstanding Plaintiff's apparent inability to pay any filing fee, the Court finds that it must dismiss Plaintiff's actions. 28 U.S.C. § 1915(e); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim.") (emphasis added). Plaintiff seeks to recover monetary damages from Judge Donato based on actions he took in the Kasamoto action, and to compel Judge Donato to take certain further action in that case. These claims fail for three reasons.

First, Plaintiff bases his claims on the misguided assertion that Judge Donato erred in dismissing the Kasamoto action. Specifically, Plaintiff asserts that Judge Donato erred in applying the dismissal standard set forth in 28 U.S.C. § 1915 because Plaintiff is a "freeman," not a "prisoner." As stated above, however, the provisions set forth in section 1915(e) apply to *all IFP litigants*, even if other portions of that statutory scheme apply only

1  to prisoners.  See Calhoun, 254 F.3d 845; Lopez, 203 F.3d at 1126 n.7 ("While section
2  1915(e) applies to all in forma pauperis complaints, section 1915A applies only to actions
3  in which a prisoner seeks redress from a governmental entity or employee.").  Thus, Judge
4  Donato did not err when he dismissed the Kasamoto action pursuant to section 1915(e).

5       Second, even if Judge Donato erred in his application of the law, Plaintiff's claims
6  are subject to "mandatory dismissal" because Judge Donato enjoys absolute immunity for
7  his judicial acts.  Chavez v. Robinson, No. 14-35384, 2016 WL 1211844, at *4 (9th Cir.
8  Mar. 29, 2016), amended on reh'g (Apr. 15, 2016).  Judges are "absolutely immune from
9  civil liability for damages for their judicial acts," Mullis v. U.S. Bankr. Court, 828 F.2d
10 1385, 1388 (9th Cir. 1987) (citing Bradley v. Fisher, 80 U.S. 335, 347 (1872)), as well as
11 "from claims for declaratory and injunctive relief arising from their judicial acts,"
12 Atkinson-Baker & Associates, Inc. v. Kolts, 7 F.3d 1452-1454 (9th Cir. 1993) (citing
13 Mullis, 828 F.2d at 1388 ("The judicial or quasi-judicial immunity available to federal
14 officers is not limited to immunity from damages, but extends to actions for declaratory,
15 injunctive and other equitable relief.")).

16      "'A judge will not be deprived of immunity because the action he took was in error,
17 was done maliciously, or was in excess of his authority[.]'"  Mullis, 828 F.3d at 1388
18 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).  Rather, judicial immunity is
19 unavailable only if: (1) the judge did not act in his judicial capacity or (2) his action, though
20 judicial in nature, was taken in the complete absence of all jurisdiction.  Harvey v.
21 Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000), overruled in part on other grounds by
22 Wallace v. Kato, 549 U.S. 384, 893-94 (2007).  For purposes of immunity, "jurisdiction" is
23 construed broadly, and a judge is immune for his judicial acts "as long as [he] has
24 jurisdiction to perform the 'general act' in question."  Id. (quoting Cleavinger v. Saxner,
25 474 U.S. 193, 199-200 (1985)).

26      Here, Judge Donato clearly acted in his judicial capacity.  Furthermore, the "general
27 act" that Judge Donato undertook--issuing an order dismissing the Kasamoto action--is one
28 that he had jurisdiction to perform.  See 28 U.S.C. § 1331 ("The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Although Plaintiff alleges that Judge Donato acted in the absence of all jurisdiction, the underlying basis for this allegation is that Judge Donato applied the incorrect law. Thus, what Plaintiff alleges is, at most, error or an act in excess of jurisdiction. See Mullis, 828 F.3d 1389 (explaining the difference between acts in excess of jurisdiction and acts in the clear absence of all jurisdiction). Judge Donato is therefore immune from liability, "however erroneous [his] act may have been." Harvey, 210 F.3d at 1012.

Finally, even if Judge Donato were not entitled to immunity, this Court has no jurisdiction over Plaintiff's claims. Insofar as Plaintiff sought to challenge a decision entered by Judge Donato, his remedy was an appeal to the Ninth Circuit. See 28 U.S.C. §§ 1291, 1294 (providing that the court of appeals for the circuit embracing the district has jurisdiction to review a decision of the district court). This Court has no authority to review the decision of another district court. See Mullis, 828 F.2d at 1392-93 (noting that a "horizontal appeal" from one district court to another is impermissible); see also, In re McBryde, 117 F.3d 208, 225 n.11 (5th Cir. 1997) ("[T]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.") Likewise, this court "lacks authority to issue a writ of mandamus to another district court." Mullis, 828 F.2d at 1393; see also Klayman v. Kollar-Kotelly, 892 F. Supp. 2d 261, 264 (D.D.C. 2012) (holding that a district court's mandamus jurisdiction under 28 U.S.C. § 1361 does not extend to mandamus actions against other members of the judicial branch).

Accordingly, this Court is obliged to dismiss Plaintiff's actions.

**C.     LEAVE TO AMEND**

Dismissal of a pro se complaint without leave to amend is proper if it is "'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Morse v. Regents of Univ. of Cal., Berkeley, 821 F. Supp. 2d 1112, 1115 (N.D. Cal. 2011) (quoting Noll v. Carlson, 809 F.2d 1445, 1448 (9th Cir. 1987)). Here, Plaintiff's actions against

1 Judge Donato cannot be prosecuted before this Court, and arise out of judicial acts for
2 which Judge Donato enjoys absolute immunity.  Any amendment is therefore futile, and
3 leave to amend is unwarranted.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's IFP applications are DENIED and both actions are DISMISSED without leave to amend.  The Clerk shall close the files and terminate any pending matters in case No. 16-cv-01973 and No. 16-cv-02069.  The instant dismissals are without prejudice to bringing the above-discussed claims in a paid complaint.

IT IS SO ORDERED.

Dated:  June 3, 2016

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge